UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NINOSKA GRANADOS, KRISTINA GRIGGS, : 13 Civ. 0500 (TPG) (JCF)
JULIA MAIN, JESSICA NIENHAUS,      :
HEATHER SOUKAS, on behalf of       :      MEMORANDUM
themselves and other employees     :      AND ORDER
similarly situated,                :
                                   :
              Plaintiffs,          :
                                   :
      - against -                  :
                                   :
TRAFFIC BAR AND RESTAURANT, INC.,  :
CHRISTOPHER FOLEY, JOEY MORGAN,    :
MICHAEL O'NEIL, MEGAN PUGH, and    :
PAUL VALENTI,                      :
                                   :
              Defendants.          :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Plaintiffs Ninoska Granados, Kristina Griggs, Julia Main,
Jessica Nienhaus, and Heather Soukas, bring this action alleging
violations of the Fair Labor Standards Act ("FLSA") and the New
York Labor Law ("NYLL") against their former employer, Traffic Bar
and Restaurant, Inc., and its officers and agents.[1] The plaintiffs
now move for an order compelling the defendants to produce
discovery material and imposing sanctions for their failure to
cooperate in the discovery process and in the litigation generally.
For the reasons that follow, the plaintiffs' motion is granted in
part.

Background

     For purposes of the present motion, a brief description of the

---

[1] On July 29, 2014, the plaintiffs dismissed their claims
against defendant Michael O'Neil pursuant to a settlement
agreement. (Stipulation and Order dated July 29, 2014).

1

facts alleged in the complaint will suffice.  The plaintiffs worked for the defendants as servers and bartenders at various times between May 2010 and March 2012. (Complaint, ¶ 20).  During their employment, the complaint alleges, the plaintiffs were not paid the minimum wage or adequate overtime and spread-of-hours compensation; their tips and other compensation were unlawfully withheld; and they were not paid their wages on a timely basis. (Complaint, ¶¶ 50-54, 63-67, 72-74, 79-81, 86-88, 93-97, 102-104, 109).  The plaintiffs filed their action on January 23, 2013, initiating this long -- though mostly uneventful -- saga.

Having been served with the complaint and summonses (Docket Nos. 3-8), the defendants failed to file an answer, prompting the plaintiffs to request that a default be entered. (Declaration of Melissa S. Chan dated May 22, 2015 ("Chan Decl."), ¶ 4; Request to Enter Default of Defendants dated March 5, 2013).  After the Clerk of Court entered the certificate of default (Clerk's Certificate of Default dated March 7, 2013), the plaintiffs moved on May 14, 2013, for entry of a default judgment. (Chan Decl., ¶ 4; Notice of Motion dated May 14, 2013).  The Court ordered the defendants to file their opposition to that motion by July 26, 2013. (Order dated July 18, 2013).

On the date the defendants' opposition was due, an attorney representing (as of the evening before) at least some of the defendants requested a thirty-day extension to respond to the motion; the Court gave the defendants until August 15. (Memorandum Endorsement dated July 26, 2013).  Instead of filing their

2

opposition, the defendants filed their answer and a cross-motion requesting, among other things, that the Court accept their answer as timely and that the Court dismiss the complaint for lack of proper service. (Notice of Cross-Motion dated August 15, 2013). For a third time, the Court ordered the defendants to respond to the plaintiffs' motion for entry of a default judgment, setting September 4, 2013, as the deadline. (Order dated August 27, 2013). When the deadline arrived, the defendants submitted two declarations that, in essence, disputed the facts alleged in the complaint and argued that their "excusable neglect" warranted vacating the default.[2] (Declaration of Daniel B. Faizakoff dated Sept. 4, 2013, ¶ 29; Foley Decl., ¶¶ 5-31). On the date the Court was scheduled to hear oral arguments on the parties' motions, the defendants failed to appear, and the Court granted the plaintiffs' motion for default judgment. (Minute Entry dated March 26, 2014). Accordingly, the plaintiffs proceeded to submit documentary support to establish the extent of their damages. (Docket Nos. 49-54).

Fast-forward to January 16, 2015. At a conference before the Honorable Thomas P. Griesa, U.S.D.J., the defendants re-emerged, represented by a different attorney,[3] and persuaded the Court to vacate the default judgment. (Chan Decl., ¶¶ 16-17; Order dated

---

[2] With regard to the "excusable neglect" argument, defendant Christopher Foley asserted, apparently without irony, that "much of the delay [in answering the complaint] was caused by Plaintiffs who failed to move for a default for several months." (Affidavit of Christopher Foley dated Sept. 4, 2013 ("Foley Aff."), ¶ 31).

[3] As of this writing, counsel at Foley Shechter LLP, the firm that previously represented the defendants, has not moved to be relieved as counsel.

Jan. 16, 2015).  With the litigation seemingly back on track, the plaintiffs served the defendants with their initial disclosures, first request for documents, and first set of interrogatories, and the Court entered a jointly-proposed discovery schedule.  (Chan Decl., ¶ 19; Memorandum Endorsement dated Feb. 19, 2015).  Alas, the progress was fleeting.

On April 1, 2015, the plaintiffs requested a conference with the Court "regarding the defendant's [sic] failure to produce discovery" despite numerous attempts by the plaintiffs' attorney to communicate with defendants' counsel.  (Letter of Melissa S. Chan dated April 1, 2015, at 1-2).  Although the defendants responded to the plaintiffs' discovery demands hours before a scheduled conference on April 29, "[t]he interrogatory responses were not verified and the responses to document requests" did not include the production of any documents.  (Chan Decl., ¶¶ 32-33).  As of the filing of the present motion, the defendants had not produced any documents.  (Chan Decl., ¶ 46).  To make matters worse, the defendants informed the Court at the April 29 conference that they left responsive documents at their now-defunct establishments and believed them "to have been discarded."  (Chan Decl., ¶ 36; see also Response for Documents from Defendants Traffic Bar and Restaurant, Inc., Christopher Foley, Joey Morgan, Meagan Pugh and Paul Valenti ("Def. Doc. Req. Resp."), attached as Exh. G to Chan Decl., ¶¶ 5-6).  On May 20, 2015, the date scheduled for the defendants' depositions, neither the defendants nor their attorney appeared.  (Chan Decl., ¶ 41).  According to the plaintiffs'

4

attorney, when she spoke to defendants' attorney later that day he indicated "that his clients [were] uncooperative and that he intend[ed] to move to be relieved as counsel. He confirmed that neither he nor his clients would be attending the noticed depositions, and he did not attempt to reschedule them." (Chan Decl., ¶ 45). The plaintiffs filed this motion on May 22, 2015; to date, the defendants have offered no response.

In light of the defendants' conduct with regard to discovery and this litigation generally, the plaintiffs request that the Court sanction the defendants by entering judgment against them. (Memorandum of Law in Support of Plaintiffs' Motion to Compel and for Sanctions ("Pl. Memo.") at 1). In the alternative, the plaintiffs seek an order

> (1) requiring the defendants to produce responsive documents within their position [sic] and control, to submit affidavits describing the documents they destroyed, and to submit a verification for their interrogatory responses; (2) prohibiting the defendants from opposing plaintiffs' claims or supporting their defenses, or from introducing evidence; (3) striking the defendants' answer in its entirety; (4) imposing an adverse inference instruction that would permit a jury to presume that the lost evidence is both relevant and favorable to the plaintiffs; and (5) awarding attorneys' fees and expenses to the plaintiffs.

(Pl. Memo. at 1).

Discussion

A.  Legal Standard

In requesting the imposition of sanctions, the plaintiffs cite the defendants' following infractions: (1) the defendants destroyed evidence; (2) the defendants failed to appear for their depositions; (3) the defendants failed to produce any documents in

5

response to the plaintiffs' requests; (4) the defendants failed to verify their interrogatory responses; and (5) the defendants' initial disclosures and discovery responses were untimely. (Pl. Memo. at 7, 13-16).

The authority to sanction litigants for abuses of the discovery process arises under both the Federal Rules of Civil Procedure and the court's inherent powers. Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include: (1) directing that matters in the litigation be taken as established; (2) prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) entering judgment against the disobedient party; and (6) requiring the disobedient party or her attorney to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(b)(2)(A), (C); Fed. R. Civ. P. 37(d)(3) (permitting same possible sanctions for party's failure to attend its deposition). Moreover, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 106-07 (2d Cir. 2002). However, the imposition of sanctions pursuant to a court's inherent authority is only warranted "upon 'a

particularized showing of bad faith,' which requires '[] clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes.'" Charles v. City of New York, No. 11 Civ. 2783, 2015 WL 756886, at *3 (S.D.N.Y. Feb. 20, 2015) (quoting United States v. International Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991)).

Discovery sanctions serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979); see also Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010). Harsh sanctions such as default judgments are reserved for extreme situations. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009); see also Shcherbakovkiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance").

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." Sentry Insurance A Mutual Co. v. Brand Management,

7

Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing Agiwal, 555 F.3d at 302-03).  Another factor -- prejudice to the moving party -- is also relevant, although the Second Circuit has emphasized that the absence of prejudice should not be accorded significant weight. See Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 148-49 (2d Cir. 2010).  In fact, none of these factors alone is dispositive.  SEC v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013).

B.  Application

One could argue that the defendants' responsiveness to this litigation ranks slightly better than nil, although their sporadic involvement has resulted in unnecessary expense and pointless delay.  However, the only conduct that is clearly sanctionable under Rule 37 is the defendants' failure to attend their scheduled depositions.  See Fed. R. Civ. P. 37(d)(1)(A)(i).[4]  Putting to one side the issue of spoliation, which I address below, and the missed depositions, which I agree warrant sanctions, at this time the plaintiffs' remaining grievances are most appropriately addressed by an order compelling discovery.

1.  The Discovery Order

On February 9, 2015, the plaintiffs served a set of interrogatories and a request for production of documents and

_____

[4] Although the plaintiffs complain of various discovery abuses, with the exception of the missed depositions, they do not argue that the defendants' conduct is sanctionable under Rule 37. (Pl. Memo. at 13-16).  With regard to their spoliation argument, the plaintiffs' position seems to be that the defendants should be sanctioned pursuant to the Court's inherent authority.  (Pl. Memo. at 7).

electronically stored information on the defendants. (Chan Decl., ¶ 19; Plaintiffs' First Set of Interrogatories, attached as Exh. E to Chan Decl.; Plaintiffs' First Request for Documents and Electronically Stored Information ("Pl. Doc. Req."), attached as Exh. F to Chan Decl.). With regard to the request for production, the defendants neither produced any discovery material nor objected to any of the plaintiffs' requests. (Chan Decl., ¶¶ 33, 46). Instead, the defendants responded that they did not possess responsive documents, that "upon information and belief, [responsive documents] have been discarded," or that they were conducting a search for responsive documents. (E.g. Def. Doc. Req. Resp., ¶¶ 1, 5, 7). The defendants gave no indication as to when documents would be produced. This thoroughly deficient response, see generally Fed. R. Civ. P. 34(b)(2)(B) (stating that unless party objects to requested item it must state that discovery will be permitted and then must complete production "no later than the time for inspection specified in the request or another reasonable time specified in the response"), was provided to the plaintiffs more than two months after the request was initially made, cf. Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . .").

As for the interrogatory responses, they were not "verified," but rather were signed (though not under oath) by the defendants' attorney, James Costo. (Chan Decl., ¶ 33; Responses to Interrogatories by Defendants Traffic Bar and Restaurant, Inc.,

Christopher Foley, Joey Morgan, Meagan Pugh and Paul Valenti, attached as Exh. H to Chan Decl.).  Rule 33(b) of the Federal Rules of Civil Procedure provides that interrogatories must be answered by "the party to whom they are directed" or by an officer or agent "if [the] party is a public or private corporation, a partnership, an association, or a governmental agency."  Fed. R. Civ. P. 33(b)(1).  Furthermore, such answers must be "verified," i.e., answered and signed under oath by the person answering.  See Haber v. ASN 50th Street, LLC, 272 F.R.D. 377, 379 (S.D.N.Y. 2011); Fed. R. Civ. P. 33(b)(3), (5); see also In re World Trade Center Disaster Site Litigation, 722 F.3d 483, 487-88 (2d Cir. 2013) (describing verification requirement and holding that interrogatory responses not "expressly made under penalty of perjury" were properly rejected).

In light of the defendants' inadequate discovery responses, the plaintiffs' motion to compel is granted as follows:

(1) Within fourteen days of date of this order, the defendants shall produce all responsive documents and electronically stored information as requested in the plaintiffs' first request for production.  To the extent that they are unable to produce responsive documents or electronically stored information because such documents or information have been destroyed or discarded, the defendants must submit a sworn declaration by a party with personal knowledge describing in detail what documents were destroyed and the circumstances of their destruction;

(2) within fourteen days of the date of this order, the defendants shall each provide verified answers to the plaintiffs' first set of interrogatories.  This order applies equally to Traffic Bar and Restaurant, Inc., who must submit verified answers through an officer or agent;

(3) because the defendants' responses to the plaintiffs' discovery requests were untimely and because no

justification was offered for the delay, any objections
to the plaintiffs' requests are deemed waived, <u>see</u> <u>Silva
v. Cofresi</u>, No. 13 Civ. 3200, 2014 WL 3809095, at *6
(S.D.N.Y. Aug. 1, 2014) ("[D]ue to the belated nature of
the defendant's responses, all objections are deemed
waived . . . .");  <u>Cohalan v. Genie Industries, Inc.</u>, 276
F.R.D. 161, 163 (S.D.N.Y. 2011) (noting that failure to
timely object to discovery request waives objections and
collecting cases); and

(4) within seven days of receiving the material described
above, the plaintiffs may serve on the defendants new
notices of deposition.  The defendants shall attend the
scheduled depositions.[5]

    2.  <u>Spoliation</u>

    Spoliation is "the destruction or significant alteration of
evidence, or the failure to preserve property for another's use in
pending or reasonably foreseeable litigation." <u>Orbit One
Communications, Inc. v. Numerex Corp.</u>, 271 F.R.D. 429, 435
(S.D.N.Y. 2010) (quoting <u>Byrnie v. Town of Cromwell, Board of
Education</u>, 243 F.3d 93, 107 (2d Cir. 2001)).  A party seeking
sanctions for spoliation must show: (1) the party with control over
the evidence had an obligation to preserve such evidence, (2) the
party that destroyed or failed to produce evidence in a timely
manner had a culpable state of mind, and (3) the missing evidence
is relevant to the moving party's claim or defense such that a
reasonable trier of fact could find that it would support that

---

[5] To date, neither party has requested a modification of the
discovery schedule approved by the Court back in February 2015.
According to that schedule, the deadline for serving discovery
requests passed on February 25, 2015, and the deadline for
completing depositions passed on June 5, 2015.  (Memorandum
Endorsement dated February 19, 2015).  Any discovery requests or
deposition notices not encompassed by the present order will
require a proper application to modify the controlling discovery
schedule.

claim or defense. <u>Residential Funding Corp.</u>, 306 F.3d at 107; <u>Valentini v. Citigroup, Inc.</u>, No. 11 Civ. 1355, 2013 WL 4407065, at *2 (S.D.N.Y. Aug. 16, 2013).

Sanctions for the destruction of evidence are appropriate even where the spoliation occurred before the issuance of a discovery order.   <u>Orbit One Communications, Inc.</u>, 271 F.R.D. at 435. However, as mentioned above, imposing sanctions solely under a court's inherent power generally requires a finding of bad faith.[6] <u>See generally</u> <u>DLC Management Corp. v. Town of Hyde Park</u>, 163 F.3d 124, 135-36 (2d Cir. 1998).

At this time, sanctioning the defendants for spoliation is inappropriate for two reasons.   First, the plaintiffs have not shown that the defendants may properly be sanctioned pursuant to the Court's inherent authority, as they have offered no legal arguments or cited specific evidence to establish the defendants' bad faith.   Second, because "the defendants never specified what documents were destroyed" (Pl. Memo. at 12), the plaintiffs' speculative arguments regarding the relevance of those documents is unpersuasive.   While the defendants have clearly indicated that the documents requested in paragraphs 5 and 6 of the plaintiffs' discovery request[7] have been "discarded" (Def. Doc. Req. Resp., ¶¶

---

[6] To the extent that any of the material lost consists of electronically stored information, the provisions of recently-amended Rule 37(e) of the Federal Rules of Civil Procedure would apply.

[7] Paragraph 5 requests "[t]he minutes of the last five proceedings of Traffic's shareholders, board of directors and executive committee," while paragraph 6 requests "[t]he minutes of the last five proceedings of the shareholders, board of directors

5-6), the plaintiffs make no attempt to establish the relevance of those documents. Instead the plaintiffs "presume" that the destroyed documents include "[t]he complete payroll records and records of hours worked" and attempt to establish the relevance of those documents. (Pl. Memo. at 12). But the plaintiffs' presumption lacks sufficient support. In fact, an e-mail from the defendants' attorney indicates that although "all paper documents were left behind," defendant Foley was attempting to obtain "electronic time records," suggesting that electronic copies of the payroll and time records still exist. (E-mail of James Costo dated April 22, 2015, attached as Exh. D to Chan Decl.). Because the plaintiffs focus their relevance argument on documents that may or may not have been destroyed, they have failed show that there is missing evidence relevant to their claims.

Accordingly, the plaintiffs' motion to sanction the defendants based on spoliation is denied. However, the motion is denied without prejudice; the plaintiffs may renew their application if warranted by the disclosures made by the defendants pursuant to this order.

3. <u>Sanctions for Missed Depositions</u>

On May 13, 2015, plaintiffs' counsel sent defendants' counsel an e-mail with the subject line "Granados et al v. Traffic Bar and Restaurant, Inc., et al. -- Notices of Deposition" and attached notices of deposition for each of the defendants. (Chan Decl., ¶

---

and executive committee of each entity identified in response to Interrogatory No. 2." (Pl. Doc. Req., ¶¶ 5-6).

39; E-mail of Melissa Chan dated May 13, 2015, attached as Exh. K
to Chan Decl.).   Plaintiffs' counsel also sent the notices via
regular mail.  (Chan Decl., ¶ 39).  While the defendants have not
bothered to justify to the Court their failure to attend the
depositions, the defendants' attorney indicated to the plaintiffs'
attorney that, although he received her e-mail, he was unable to
open the attached notices.  (Chan Decl., ¶ 45).

Sanctions are warranted pursuant to Rule 37(d)(1)(A)(i) of the
Federal Rules of Civil Procedure.  First, the defendants (through
their attorney or otherwise) have not provided the Court with any
credible explanation for their failure to attend the depositions.
The defendants' attorney's excuse that he could not open the e-mail
attachments is entirely unsatisfactory, especially considering that
the notices were also served by regular mail.  It is only fair to
presume that the defendants' failure to attend their depositions
was willful, and that their attorney thoroughly failed to remedy
the situation.  Cf. Urbont v. Sony Music Entertainment, No. 11 Civ.
4516, 2014 WL 6433347, at *2 (S.D.N.Y. Nov. 6, 2014) ("A party's
conduct will be deemed willful where the contravened orders were
clear, the party being sanctioned understood the orders, and the
non-compliance was within the party's control.").  Second, as the
plaintiffs point out, the defendants "have been noncompliant
throughout the duration of this litigation, during which time
absolutely nothing has been accomplished." (Pl. Memo. at 20).  The
defendants have apparently done nothing since they initially failed
to attend their depositions to rectify the failure (Chan Decl., ¶

14

46), rendering the prospect that they will cure their non-compliance unlikely.

However, because no discovery order (and hence no warning) has yet been issued in this case, and because I cannot rule out the possibility that the defendants' conduct can be cured with a less severe sanction, the plaintiffs' request for a default judgment is denied. "A court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." Sang Lan v. Time Warner, Inc., No. 11 Civ. 2870, 2015 WL 480378, at *3 (S.D.N.Y. Feb. 5, 2015). Courts are generally hesitant to impose terminating sanctions before warning the offending litigant. See Johnson v. Strive East Harlem Employment Group, 990 F. Supp. 2d 435, 455 (S.D.N.Y. 2014). At this time, the less severe sanction of ordering the defendants and their attorney to pay the plaintiffs' costs and attorneys' fees caused by their failure to attend the depositions will adequately remedy the violation and deter future misconduct. However, this order serves as a warning to the defendants that further misconduct, including failure to comply with the order to compel or to attend properly noticed depositions, will result in more severe sanctions.

The plaintiffs' motion for sanctions is granted based on the defendants' failure to appear for their depositions. See Fed. R. Civ. P. 37(d)(1)(A)(i). As a sanction for this conduct, the defendants and their attorney, James Costo, shall pay the costs and reasonable attorneys' fees that the plaintiffs incurred in

preparing for, scheduling, and attending the missed depositions. See Fed. R. Civ. P. 37(d)(3) (providing authority to order offending litigant, "the attorney advising that party, or both to pay [] reasonable expenses, including attorney's fees"). The plaintiffs are directed to file an attorney's affidavit setting forth the basis for costs and attorneys' fees, along with appropriate documentation, see New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983), within fourteen days of the date of this order. The defendants shall submit any objections to the requested fees seven days thereafter. To the extent that the plaintiffs seek additional sanctions, or sanctions based on other conduct, their motion is denied.

Conclusion

For the foregoing reasons, the plaintiffs' motion to compel and for sanctions (Docket no. 68) is granted in part. Regarding the motion to compel, the defendants shall comply with the discovery order contained herein or risk further sanctions, including, possibly, terminating sanctions. As for the motion for Rule 37 sanctions, the motion is granted with respect to monetary sanctions for the defendants' failure to appear for their depositions, but denied in all other respects.

SO ORDERED.

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

16

Dated:     New York, New York
           December 30, 2015

Copies transmitted this date to:

Walter M. Kane, Esq.
Joshua S.C. Parkhurst, Esq.
Melissa S. Chan. Esq.
Cary Kane LLP
1350 Broadway, Suite 1400
New York, NY 10018

James R. Costo, Esq.
Law Office of James Costo
11 Park Place, Suite 600
New York, NY 10007

Thomas J. Foley, Esq.
Foley Shechter LLP
244 Fifth Ave., Suite 2591
New York, NY 10001

17