UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
NINOSKA GRANADOS, KRISTINA GRIGGS, :    13 Civ. 0500 (TPG) (JCF)
JULIA MAIN, JESSICA NIENHAUS,       :
HEATHER SOUKAS, on behalf of        :        REPORT AND
themselves and other employees      :    RECOMMENDATION
similarly situated,                 :

              Plaintiffs,            :

   - against -                      :

TRAFFIC BAR AND RESTAURANT, INC.,   :
CHRISTOPHER FOLEY, JOEY MORGAN,     :
MICHAEL O'NEIL, MEAGAN PUGH, and    :
PAUL VALENTI,                       :

              Defendants.           :
- - - - - - - - - - - - - - - - - -:

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 12/21/16

TO THE HONORABLE THOMAS P. GRIESA, U.S.D.J.:

    Plaintiffs Ninoska Granados, Kristina Griggs, Julia Main,

Jessica Neinhaus, and Heather Soukas allege that defendants Traffic

Bar and Restaurant, Inc. ("Traffic"), Christopher Foley, and Paul

Valenti violated the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. (the "FLSA"), and New York Labor Law, N.Y. Lab. Law § 650 et.

seq. (the "NYLL").[1]  The Honorable Thomas P. Griesa, U.S.D.J.,

granted judgment by default against the defendants and referred the

case to me for the calculation of damages.  (Order dated July 19,

2016).  The defendants failed to appear at the hearing, and the

following findings are therefore based on information presented by

the plaintiffs, including testimony taken by declaration.    I

---

[1] The plaintiffs settled with defendant Michael O'Neil on July
29, 2014, for $12,500.  (Stipulation and Order dated July 29,
2014).  Defendant Joey Morgan filed a bankruptcy petition and his
debts were discharged in June 2016. (Declaration of Melissa S. Chan
dated Aug. 31, 2016 ("Chan Decl."), ¶ 5).  The parties stipulated
to dismiss the plaintiffs' claims against defendant Meagan Pugh  on
July 19, 2016.  (Stipulation of Voluntary Dismissal dated July 19,
2016).

1

recommend awarding the plaintiffs damages in the amount of $34,622.07 plus pre-judgment interest. In addition, the plaintiffs should be granted attorneys' fees and costs in the amount of $73,281.97.

<u>Background</u>

Each of the plaintiffs worked for Traffic, a bar and restaurant located in New York that was owned in part by Mr. Foley and managed by Mr. Valenti, for different periods between March 2011 and March 2012. (Declaration of Ninoska Granados dated April 19, 2013 ("Granados Decl."), ¶¶ 1-2; Declaration of Kristina Griggs dated April 25, 2013 ("Griggs Decl."), ¶¶ 1-2; Declaration of Julia Main dated April 18, 2013 ("Main Decl."), ¶¶ 1-2; Declaration of Jessica Nienhaus dated May 10, 2013 ("Nienhaus Decl."), ¶¶ 1-2; Declaration of Heather Soukas dated April 15, 2013 ("Soukas Decl."), ¶¶ 1-2). Ms. Granados worked as a bartender, Ms. Griggs and Ms. Main worked as servers, and Ms. Nienhaus and Ms. Soukas worked as servers and bartenders. (Granados Decl., ¶ 1; Griggs Decl., ¶ 1; Main Decl., ¶ 1; Nienhaus Decl., ¶ 1; Soukas Decl., ¶ 1). Other than Ms. Griggs, who did not receive any cash wages (Griggs Decl., ¶ 6), each of the plaintiffs asserts that she received cash wages for only a portion of the hours she worked. (Granados Decl., ¶ 6; Main Decl., ¶ 6; Nienhaus Decl., ¶ 6; Soukas Decl., ¶ 6). Each plaintiff alleges that (1) for the hours she was not paid a cash wage she was "required to work exclusively for [] tips," (2) she was not informed about tip credit laws, and (3) she was never notified in writing about her "hourly rate of pay,

2

overtime rate, amount of tip credit," or regular payday. (Granados Decl., ¶¶ 7-9; Griggs Decl., ¶¶ 6-7; Main Decl., ¶¶ 7-9; Nienhaus Decl., ¶¶ 7-8; Soukas Decl., ¶¶ 7-9). In addition, each plaintiff except for Ms. Griggs also asserts that she did not receive an additional hour's pay at the minimum wage rate when she worked over ten hours in a day. (Supplemental Declaration of Ninoska Granados dated Aug. 18, 2016 ("Granados Supp. Decl."), ¶ 3; Supplemental Declaration of Julia Main dated Aug. 17, 2016 ("Main Supp. Decl."), ¶ 3; Supplemental Declaration of Jessica Nienhaus dated Aug. 30, 2016 ("Nienhaus Supp. Decl."), ¶ 3; Supplemental Declaration of Heather Soukas dated Aug. 17, 2016 ("Soukas Supp. Decl."), ¶ 3). Finally, Ms. Granados, Ms. Nienhaus, and Ms. Soukas each assert that she did not receive time-and-a-half pay when she worked over forty hours in a week.[2] (Granados Decl., ¶ 7; Nienhaus Decl., ¶ 6; Soukas Decl., ¶ 7).

Ms. Granados alleges that she worked for Traffic from March 30, 2011, until February 28, 2012. (Granados Decl., ¶ 1; Ninoska Granados Hours Chart ("Granados Chart"), attached as Exh. A to Granados Decl.). Her hours varied from nine per week to fifty-seven per week. (Granados Chart). She alleges that she was not compensated at the minimum wage for 1,078 hours of work (although for 461 of those hours, she received $5.00 per hour), not compensated at the overtime rate for seventeen hours of overtime work, and did not receive additional "spread-of-hours" pay for

---

[2] Ms. Main also makes this assertion (Main Decl., ¶ 7), but other evidence shows that she did not work more than forty hours in any week while she was employed at Traffic (Julia Main Hours Chart ("Main Chart"), attached as Exh. A to Main Decl.).

twenty-seven hours worked in excess of a ten hour day.  (Granados Decl., ¶ 6; Granados Chart; Ninoska Granados Employee W-2 Wage Summary 2011, attached as Exh. B to Granados Decl.).

Ms. Griggs alleges that she worked for Traffic from January 15, 2012, until March 17, 2012.  (Griggs Decl., ¶ 1; Kristina Griggs Hours Chart ("Griggs Chart"), attached as Exh. A to Griggs Decl.).  She worked twenty-four hours each week.  (Grigg Chart).  She alleges that she did not receive any wages but worked exclusively for tips.  (Griggs Decl., ¶ 6).

Ms. Main asserts that she worked for Traffic from September 5, 2011, until February 19, 2012.  (Main Decl., ¶ 1; Main Chart).  Her hours varied from seven per week to thirty-six per week.  (Main Chart).  See alleges that she was not compensated at the minimum wage for 529 hours of work (although for 277.5 of those hours, she received $5.00 per hour) and did not receive "spread-of-hours" pay for three hours worked in excess of a ten-hour day.  (Main Decl., ¶ 6; Main Chart).

Ms. Nienhaus states that she worked for Traffic from May 23, 2011, until September 4, 2011.  (Nienhaus Decl., ¶ 1; Jessica Nienhaus Hours Chart ("Nienhaus Chart"), attached as Exh. A to Nienhaus Decl.).  Her hours varied from fourteen per week to sixty-nine per week.  (Nienhaus Chart).  She alleges that she was not compensated at the minimum wage for 377 hours worked (although she received cash wages totalling $50.00 during her tenure at Traffic), not compensated at the overtime rate for 123 hours of overtime work,  and did not receive additional "spread-of-hours" pay for

4

sixteen hours worked in excess of a ten hour day.  (Nienhaus Decl., ¶ 6; Nienhaus Chart).

Ms. Soukas alleges that she worked for Traffic from November 28, 2011, until March 18, 2012.  (Soukas Decl., ¶ 1; Heather Soukas Hours Chart ("Soukas Chart"), attached as Exh. A to Soukas Decl.).  Her hours varied from ten per week to sixty-three per week.  (Soukas Chart).  She states that she was not compensated at the minimum wage for 547 hours (although she received cash wages totalling $25.00 during her tenure at Traffic), not compensated at the overtime rate for fifty-five hours worked, and did not receive additional "spread-of-hours" pay for thirteen hours worked in excess of a ten hour day.  (Soukas Decl., ¶ 6; Soukas Chart; Heather Soukas Personal and Check Information dated Dec. 30, 2011, attached as Exh. B to Soukas Decl.).

Discussion

A.   Liability

Where a defendant has defaulted, all of the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); Keystone Global LLC v. Auto Essentials, Inc., 12 Civ. 9077, 2015 WL 224359, at *3 (S.D.N.Y. Jan. 16, 2015).  Nonetheless, a court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." Jemine v. Dennis, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012).  Once liability has been established, the plaintiff must provide evidence establishing the

amount of damages with reasonable certainty.  <u>Transatlantic Marine Claims Agency</u>, 109 F.3d at 111.

Here, the allegations contained in the plaintiffs' submissions establish the defendants' liability.  The complaint alleges that Traffic engaged in interstate commerce and had "annual gross volume of sales made or business done not less than $500,000." (Complaint, ¶ 13).  It further alleges that the remaining defendants -- Mr. Foley and Mr. Valenti -- had control over employment practices at the restaurant.  (Complaint, ¶¶ 14, 18). Traffic is therefore an "enterprise engaged in commerce" under the FLSA, and the remaining defendants qualify as "employers" under both the FLSA and the NYLL.  29 U.S.C. §§ 203(d), 203(r)(1), 203(s)(1)(A)(i)-(ii); NYLL §§ 198, 651; <u>Herman v. RSR Security Services Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999) ("[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question with an eye to the 'economic reality' presented by the facts of each case." (internal citation omitted)); <u>Sethi v. Narod</u>, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) ("District courts in this Circuit 'have interpreted the definition of "employer" under the [NYLL] coextensively with the definition used by the FLSA.'" (quoting <u>Spicer v. Pier Sixty LLC</u>, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010))).  As noted, each of the plaintiffs alleges that she was an employee of Traffic. (Complaint, ¶ 20; Granados Decl., ¶ 1; Griggs Decl., ¶ 1; Main Decl., ¶ 1; Nienhaus Decl., ¶ 1; Soukas Decl., ¶ 1).  Thus, the prerequisites for coverage under both the FLSA and NYLL are met.

Both state and federal law mandate that employees be paid at least a minimum hourly rate. 29 U.S.C. § 206(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12 ("12 NYCRR"), § 146-1.2. During the period of the plaintiffs' employment with the defendants, the minimum hourly wage they were required to receive under both the FLSA and the NYLL was $7.25. 29 U.S.C. § 206(a)(1); 12 NYCRR § 146-1.2(a)(1). Although "[b]oth the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage," this "tip credit" is available only if certain notice requirements are met. Inclan v. N.Y. Hospitality Group, Inc., 95 F. Supp. 3d 490, 497-98 (S.D.N.Y. 2015) (citing 29 U.S.C. §§ 203(m), 206(a)(1), and 12 NYCRR §§ 146-1.3(b), 146-2.2). Each plaintiff has asserted that she was not provided the necessary notice. In addition, under both the FLSA and NYLL, an employee must be compensated at a rate of at least one and one-half times her regular hourly rate for every hour worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107; 12 NYCRR § 146-1.4. Each of the plaintiffs has alleged the hours she worked and the amount she was paid in wages, as well as that she was paid less than the minimum wage, less than the required overtime rate, or both. (Granados Decl., ¶¶ 7-9; Griggs Decl., ¶¶ 6-7; Main Decl., ¶¶ 6-9; Nienhaus Decl., ¶¶ 6-8; Soukas Decl., ¶¶ 6-9). Moreover, each of the plaintiffs other than Ms. Griggs has alleged that the defendants failed to pay "spread of hours"

premiums, which comprise an extra "one hour's pay at the basic minimum hourly wage rate" for any day on which an employee works more than ten hours.  12 NYCRR § 146-1.6; (Granados Supp. Decl., ¶ 3; Main Supp. Decl., ¶ 3; Nienhaus Supp. Decl., ¶ 3; Soukas Supp. Decl., ¶ 3).

B.  <u>Damages</u>[3]

1.  <u>Actual Damages</u>

"An affidavit that sets forth the number of hours worked is sufficient" to carry the plaintiffs' initial burden of recalling uncompensated hours worked.  <u>Angamarca v. Pita Grill 7 Inc.</u>, No. 11 Civ. 7777, 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012) (noting that in default cases, even approximations by plaintiffs are given credit and used to determine damages).  The burden then shifts to the employer to rebut the inference drawn from the ampployee's evidence.  <u>Doo Nam Yang v. ACBL Corp.</u>, 427 F. Supp. 2d 327, 332 (S.D.N.Y. 2005).

a.  <u>Ms. Granados</u>

According to Ms. Granados' written testimony, she worked 1,078 hours, for 461 of which she was paid at a rate of $5.00 per hour. (Granados Chart).  She is therefore entitled to an award of $7.25 per hour for 617 hours (<u>i.e.</u>, 1,078 hours - 461 hours) and $2.25 per hour (<u>i.e.</u>, $7.25 per hour - $5.00 per hour) for 461 hours, for a total of $5,510.50 in unpaid minimum wages.  For unpaid overtime,

---

[3] The statute of limitations under the FLSA is two years, extended to three years for willful violations.  29 U.S.C. § 255(a).  The statute of limitations under the NYLL is six years. NYLL § 198(3).  Because the complaint in this action was filed on January 23, 2013, all of the alleged violations, whether willful or not, fall within the applicable statutes of limitations.

she is entitled to an award of $3.63 per hour (i.e., 50% of $7.25 per hour) for seventeen hours, for a total of $61.71. (Granados Chart). For unpaid spread-of-hours pay, she is entitled to $7.25 per hour for twenty-seven hours, for a total of $195.75. (Granados Chart). Thus, Ms. Granados should be awarded $5,767.96 in actual damages. (Granados Chart).

> b. Ms. Griggs

Ms. Griggs worked 216 hours for which she was not paid any wage. (Griggs Chart). She is therefore entitled to an actual damages award of $1,566.00. (Griggs Chart).

> c. Ms. Main

Ms. Main worked 529 hours, for 277.5 of which she was paid at a rate of $5.00 per hour. (Main Chart). She is therefore entitled to an award of $7.25 per hour for 251.5 hours (i.e., 529 hours - 277.5 hours) and $2.25 per hour (i.e., $7.25 per hour - $5.00 per hour) for 277.5 hours, for a total of $2,447.75 in unpaid minimum wages. For unpaid spread-of-hours pay, she is entitled to an award of $7.25 per hour for three hours, for a total of $21.75. (Main Chart). Thus, she is entitled to a total actual damages award of $2,469.50. (Main Chart).

> d. Ms. Nienhaus

Ms. Nienhaus worked 377 hours and was paid $50.00 in wages. She is therefore entitled to an award of unpaid minimum wages in the amount of $2,683.25 (i.e., 377 hours x $7.25 per hour - $50.00). (Nienhaus Chart). For unpaid overtime, she is entitled to an award of $3.63 per hour (i.e., 50% of $7.25 per hour) for 123

hours, for a total of $446.49. (Nienhaus Chart). For unpaid spread-of-hours pay, she is entitled to an award of $7.25 per hour for sixteen hours, for a total of $116.00. (Nienhaus Chart). Thus, she is entitled to a total actual damages award of $3,245.74. (Nienhaus Chart).

e.   Ms. Soukas

Ms. Soukas worked for 547 hours and was paid $25.00 in wages. (Soukas Chart). She is therefore entitled to an award of unpaid minimum wages in the amount of $3,940.75 (i.e., 547 hours x $7.25 per hour - $25.00). (Soukas Chart). For unpaid overtime, she is entitled to an award of $3.63 per hour (i.e. 50% of $7.25 per hour) for fifty-five hours, for a total of $199.65. (Soukas Chart). For unpaid spread-of-hours pay, she is entitled to an award of $7.25 per hour for thirteen hours, for a total of $94.25. (Soukas Chart). Thus, she is entitled to a total actual damages award of $4,234.65. (Soukas Chart).

2.   Liquidated Damages

Both the FLSA and NYLL provide for liquidated damages. An employer who violates overtime provisions of the FLSA is liable for an amount in liquidated damages equal to the amount owed in compensatory damages.[4] 29 U.S.C. § 216(b); Smith v. Nagai, No. 10 Civ. 8237, 2012 WL 2421740, at *4 (S.D.N.Y. May 15, 2012) ("A defendant found to have violated the FLSA is required to pay the

---

[4] The district court has discretion to deny these damages where an employer shows that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132, 150 (2d Cir. 2008) (quoting 29 U.S.C. § 260). Obviously, that did not happen here.

employee an additional amount in liquidated damages equal to the unpaid overtime."), <u>report and recommendation adopted sub nom. Smith v. Saki Restaurant Corp.</u>, 2012 WL 2428929 (S.D.N.Y. June 27, 2012).

The situation under state law is slightly more complicated. Pursuant to the NYLL, a prevailing employee is entitled to liquidated damages in the amount of 100% of unpaid wages accrued after April 9, 2011.   NYLL §§ 198(1-a), 663(1); <u>see</u> <u>Garcia v. Giorgio's Brick Oven & Wine Bar</u>, No. 11 Civ. 4689, 2012 WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012) ("Effective April 9, 2011, Sections 198(1-a) and 663(1) of the NYLL were amended to provide for liquidated damages equal to one-hundred percent of the amounts underpaid."), <u>report and recommendation adopted</u>, 2012 WL 3893537 (S.D.N.Y. Sept. 7, 2012).   For unpaid wages accrued prior to that date, a successful plaintiff is presumptively entitled to liquidated damages in an amount equal to 25% of unpaid wages.[5]   <u>See</u> <u>Inclan</u>, 95 F. Supp. 3d at 505; <u>see also</u> <u>Gold v. New York Life Insurance Co.</u>, 730 F.3d 137, 144 (2d Cir. 2013) ("Because there is no support for retroactivity in either the text or the legislative history, we hold that the 2011 amendment is not retroactive.").

Until earlier this month, courts were split as to whether plaintiffs were entitled to liquidated damages under both statutes for the same violations.   The Second Circuit answered that question in the negative in <u>Chowdhury v. Hamza Express Food Corp.</u>, F. App'x

_____

[5] As under the FLSA, an employer has a "good faith" defense to the imposition of liquidated damages under the NYLL.   NYLL § 198(1-a).

__, 2016 WL 7131854 (2d Cir. 2016) (summary disposition).   The
panel held that the New York State Legislature's recent amendments
to the liquidated damages provision of the NYLL -- one effective in
November 2009, the other in April 2011, see 2009 N.Y. Sess. Laws
ch. 372, amending NYLL §§ 198(1-a), 663(1); 2010 N.Y. Sess. Laws
ch. 564, amending NYLL §§ 198(1-a), 663(1) -- show an intention
"to conform [the state law provision] as closely as possible to the
FLSA's liquidated damages provision." Chowdhury, __ F. App'x at
__, 2016 WL 7131854, at *2.  "[W]hatever reasons existed to award
liquidated damages under the relevant provisions of both the FLSA
and the NYLL before 2010, . . . the subsequent amendments to the
NYLL . . . hav[e] eliminated those reasons."[6]  Id.  To be sure,
Chowdhury is merely a non-precedential panel opinion, but a
district court is ill-advised "to flout germane guidance of a
Circuit Court panel and to substitute its own conclusion of law."
United States v. Tejeda, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010);
see also Koehler v. Metropolitan Transportation Authority, __ F.
Supp. 3d __, __, 2016 WL 6068810, at *3 (E.D.N.Y. 2016) ("Although
. . . an unpublished summary order . . . is not binding on this
Court, that does not mean that the Court is free to disregard its
guidance." (internal citation omitted)); Mendez v. Starwood Hotels
& Resorts Worldwide, Inc., 746 F. Supp. 2d 575, 595 (S.D.N.Y. 2010)
("[A] summary order has no precedential effect on any court,

---

[6]  Presumably, when Chowdhury refers to the "relevant
provisions of . . . the NYLL before 2010," Chowdhury, __ F. App'x
at __, 2016 WL 7131854, at *2, it is considering the amendment
passed by the state legislature in 2010, which was not effective
until April 9, 2011.  See 2010 N.Y. Sess. Laws ch. 564.

although it has to be deemed some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion."); cf. United States v. Payne, 591 F.3d 46, 58 (2d Cir. 2010) ("Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases."). I therefore recommend following Chowdhury's teaching in this instance and disallowing "stacked" liquidated damages for unpaid wages accrued after April 9, 2011. Where "stacked" liquidated damages are not permitted, plaintiffs should "recover under the statute that provides the great[er] relief." Castillo v. RV Transport, Inc., No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. April 11, 2016).[7]

---

[7] The reasons courts allowed "stacked" liquidated damages are compelling, and derive from the notion that the liquidated damages provision of each statute serves a different purpose. See Yu Y. Ho v. Sim Enterprises, Inc., No. 11 Civ. 2855, 2014 WL 1998237, at *18 (S.D.N.Y. May 14, 2014); see also Hengjin Sun v. China 1221, Inc., No. 12 Civ. 7135, 2016 WL 1587242, at *3 (S.D.N.Y. April 19, 2016). Liquidated damages under the FLSA are compensatory, see Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707(1945)("[T]he liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay . . . ."), whereas liquidated damages under the NYLL are punitive, Rodriquez v. Globe Institute of Technology, No. 15 CV 1435, 2016 WL 5795127, at *4 (S.D.N.Y. Aug. 10, 2016), report and recommendation adopted, 2016 WL 5818573 (S.D.N.Y. Oct. 4, 2016) ("[U]nder the NYLL [liquidated damages] constitute a penalty to deter an employer's willful withholding of wages due."). "Because each [liquidated damages] award serves [a] fundamentally different purpose[]," many courts held that "plaintiff[s] may be granted both awards." Santillan v. Henao, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011).

However, some courts found, as did the Chowdhury panel, that the recent amendments placed "the NYLL and FLSA liquidated damages provision[s] [] 'more directly in line with one another.'" Morales v. Mw Bronx, Inc., No. 15 Civ. 6296, 2016 WL 4084159, at *9 (S.D.N.Y. Aug. 1, 2016) (quoting McGlone v. Contract Callers Inc., 114 F. Supp. 3d 172, 174 (S.D.N.Y. 2015)). But the 2009 Amendment does not explicitly alter the punitive purpose of the liquidated

a.  <u>FLSA Liquidated Damages</u>

Under federal law, the plaintiffs would be entitled to liquidated damages in the amount of 100% of their unpaid wages other than those attributable to spread-of-hours pay, which the FLSA does not mandate.  <u>See, e.g.</u>, <u>Ramirez v. H.J.S. Car Wash Inc.</u>, 11 CV 2664, 2013 WL 1437600, at *7 (E.D.N.Y. April 9, 2013).  Thus, Ms. Granados is entitled to $5,510.50 + $61.71 for a total of $5,572.21; Ms. Griggs is entitled to $1,566.00; Ms. Main is entitled to $2,447.75; Ms. Nienhaus is entitled to $2,683.25 + 446.49 for a total of $3,129.74; and Ms. Soukas is entitled to $3,940.75 + $199.65 for a total of $4,140.40.  This tallies to a grand total of $16,856.10.

---

damages provision.  That amendment replaced the requirement that, in order to establish her entitlement to liquidated damages in the amount of 25% of her actual damages, a plaintiff prove that her employer's violation was willful, with a provision that presumed entitlement to a 25% liquidated damages award unless the employer "proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  <u>Inclan</u>, 95 F. Supp. 3d at 504-05 (quoting 2009 N.Y. Sess. Laws ch. 372).  While the amendment in some ways "conform[ed] New York law to the Fair Labor Standards Act  . . . [,] [which] allow[s] workers liquidated damages once they establish that their employer violated the wage law," it primarily adopted a burden shifting tool to remedy the "inherent unfairness of requiring employees . . . [to] further prove [that] the[ir] underpayment was willful."  N.Y. Bill Jacket, 2009 A.B. 6963 ch. 372, at 6).  Similarly, although the later amendment further brought the NYLL's liquidated damages provision "in line" with the FLSA's parallel provision by increasing the award from 25% of unpaid wages to 100% of unpaid wages, the change appears to have been motivated by a desire to increase deterrence rather than a desire to modify the underlying purpose of the provision.  N.Y. Bill Jacket, 2010 S.B. 8380 ch. 564, at 8 ("The <u>penalties</u> currently in place for employers paying less than minimum wage are minimal and offer little <u>deterrent</u> -- this will change dramatically with this[] legislation." (emphasis added)).

b.   <u>NYLL Liquidated Damages</u>

Under state law, plaintiffs are entitled to liquidated damages in the amount of 25% of unpaid wages accrued prior to April 9, 2011, and 100% of unpaid wages accrued after that date.   Ms. Granados began her employment with Traffic on March 30, 2011, working twenty-two hours that week and fourteen hours the next week, including two shifts of more than ten hours.[8]   (Granados Chart).   Assuming, in the absence of any evidence to the contrary, that she was not paid an hourly wage her first two weeks, she would be entitled to liquidated damages in the amount of $65.25 (<u>i.e.</u>, 25% x $7.25 per hour x 36 hours) plus $3.62 (<u>i.e.</u>, 25% x $7.25 per hour x 2 in spread-of-hours pay) for a total of $68.88 for that first fortnight.   For the remaining weeks, she is entitled to $7.25 per hour for 581 hours (<u>i.e.</u>, 617 hours - 36 first fortnight hours) and $2.25 per hour for 461 hours, plus an additional $7.25 per hour for 25 hours (attributable to her spread-of-hours pay for each week other than her first two) and $61.71 (attributable to overtime pay).   This totals $5,492.46, which when combined with $68.87 from her first two weeks adds up to $5,561.33.   This amount is slightly smaller than the $5,572.21 that she would be entitled to under the FLSA.   However, because none of the other plaintiffs was employed by Traffic prior to April 9, 2011, the NYLL will provide a higher amount in damages for Ms. Main, Ms. Nienhaus, and Ms. Soukas

_____

[8] Because it is a plaintiff's burden to prove her hours and pay rate, and because there is no evidence as to when during Ms. Granados second week of work, which dated from April 6 to April 12, 2011, she accrued her unpaid wages, I will assume all her work hours occurred prior to April 9, 2011.

because of liquidated damages on their spread-of-hours pay (Main Chart; Nienhaus Chart; Soukas Chart), and an equal amount for Ms. Griggs, who is not entitled to spread-of-hours pay (Griggs Chart). Moreover, because, as discussed below, pre-judgment interest accrues on the amount of actual damages under the NYLL, but not on actual damages under the FLSA, it is clear that the NYLL will provide "great[er] relief," Castillo, 2016 WL 1417848, at *3, even for Ms. Granados. Therefore, I recommend a total liquidated damages award of $17,077.22 (i.e., $5,561.33 (Granados) + $1,566.00 (Griggs) + $2,469.50 (Main) + $3,245.74 (Nienhaus) + $4,234.65 (Soukas)).

### c. "Stacked" Liquidated Damages

As I read Chowdhury, it was the confluence of the two recent amendments to the NYLL that brought it sufficiently "in line' with the FLSA to prohibit "stacked" liquidated damages. Therefore, "stacked" liquidated damages are available for unpaid wages earned prior to April 9, 2011. I recommend granting Ms. Granados is an additional $261.00 in liquidated damages under the FLSA (i.e., 100% of the damages attributable to unpaid minimum wages for the thirty-six hours she worked during her first two weeks).

### 3. Offset

The plaintiffs indicate that the damages award should be offset by the $12,500 that the plaintiffs received as a result of Mr. O'Neil's settlement. (Proposed Findings of Fact and Conclusions of Law dated Aug. 31, 2016, ¶ 98; Stipulation and Order dated July 29, 2014). They are incorrect. Under both state and

federal law, it is the defendants' burden to establish their right to a set-off. See, e.g., Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14 Civ. 10234, 2016 WL 4704917, at *12 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016). "Accordingly, '[m]ost courts in the Second Circuit . . . have held that a defendant in default may not invoke the benefits of the set-off rule.'" Id. (alterations in original) (quoting Government Employees Insurance Co. v. David Sanni-Thomas, D.O., No. 13 CV 4966, 2015 WL 5692875, at *11-12 (E.D.N.Y. Sept. 4, 2015)). I therefore recommend that the damages award not be offset by the prior settlement amount.

C. Pre-Judgment Interest

The NYLL provides for an award of pre-judgment interest in addition to liquidated damages. See NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages . . . ."); Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 265 (2d Cir. 1999); Chuchuca v. Creative Customs Cabinets Inc., No 13 CV 2506, 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014). Pre-judgment interest is available on actual damages awarded under the NYLL, but not on liquidated damages. Xochimitl, 2016 WL 4704917, at *18. Actual damages under

17

the NYLL in this action total $17,283.85.  However, "[f]ederal courts have long held that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA."[9]  Yu Y. Ho, 2014 WL 1998237, at *19; see also Tackie v. Keff Enterprises LLC, No. 14 Civ. 2074, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) ("FLSA liquidated damages are also a form of compensatory prejudgment interest," therefore, "courts do not award statutory prejudgment interest on any portion of their recovery for which liquidated damages were awarded under the FLSA").  New York law sets the relevant interest rate at 9% per year.  N.Y. CPLR §§ 5001, 5004.  Where, as here, the "damages were incurred at various times," the court may compute the interest "upon all of the damages from a single reasonable intermediate date."  N.Y. CPLR § 5001(b); see e.g., Tackie, 2014 WL 4626229, at *6 ("In wage and hour cases,

_____

[9] Courts have rationalized this distinction in the treatment of pre-judgment interest under the FLSA and the NYLL by asserting that "[p]re-judgment interest and liquidated damages under the [NYLL] are not functional equivalents" because liquidated damages "'constitute a penalty' to deter an employer's [] withholding of wages due," whereas interest is, like liquidated damages under the FLSA, compensatory.  Reilly, 181 F.3d at 265 (quoting Carter v. Frito-Lay, Inc., 74 A.D.2d 550, 551, 425 N.Y.S.2d 115, 116 (1st Dep't 1981)); see also Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988) (per curiam opinion on motion for clarification); Morales v. B&M General Renovation Inc., No. 14 CV 7290, 2016 WL 1266624, at *9 (E.D.N.Y. March 9, 2016), report and recommendation adopted, 2016 WL 1258482 (March 29, 2016).  Clearly, there is some tension between this precept and the reasoning in Chowdhury, which suggests that liquidated damages under the NYLL should now be considered compensatory.  However, the NYLL clearly allows an award of interest in addition to liquidated damages.  See Hernandez v. Jrpac Inc., No. 14 Civ. 4176, 2016 WL 3248493, *35 (S.D.N.Y. June 9, 2016) (recognizing tension between finding that liquidated damages are compensatory and allowing additional award of pre-judgment interest, but noting that NYLL expressly provides for both kinds of awards).

courts often choose the midpoint of the plaintiff's employment within the limitations period.").

### 1.   Ms. Granados

I have recommended awarding Ms. Granados actual damages of $5,767.96. I have also recommended awarding liquidated damages under the FLSA for her unpaid wages for her first two weeks of work, which amount to $261.00. Therefore, she is entitled to pre-judgment interest on $5,506.96 (i.e., $5,767.96 – $261.00). See Tackie, 2014 WL 4626229, at *6 ("[P]laintiffs are entitled to prejudgment interest on any compensatory damages awarded under the NYLL for which there is no corresponding award of liquidated damages under FLSA."). That is $495.63 in interest per year, or $1.36 in interest per day. Ms. Granados worked at Traffic from March 30, 2011, to February 28, 2012 (Granados Chart), a period of approximately forty-eight weeks. I recommend awarding pre-judgment interest from September 14, 2011, which is twenty-four weeks from the date on which Ms. Granados began working at Traffic, to the date judgment is entered.

### 2.   Ms. Griggs

I have recommended awarding Ms. Griggs actual damages in the amount of $1,566.00. Interest at 9% per year on that amount comes to $140.94 per year or $0.39 per day. Ms. Griggs worked at Traffic from January 15, 2012, until March 17, 2012 (Griggs Chart), a period of nine weeks. I recommend awarding her interest from February 16, 2012 -- approximately four-and-one-half weeks from the date she started -- until the date judgment is entered.

N of M

### 3.  Ms. Main

I have recommended awarding Ms. Main actual damages in the amount of $2,469.50.  Interest at 9% per year on that amount comes to $222.26 per year or $0.61 per day.  Ms. Main worked at Traffic from September 5, 2011, until February 19, 2012 (Main Chart), a period of twenty-four weeks.  I recommend awarding her interest from November 28, 2011, until the date judgment is entered.

### 4.  Ms. Nienhaus

I have recommended awarding Ms. Nienhaus actual damages in the amount of $3,245.74.  Interest at 9% per year on that amount comes to $292.12 per year or $0.80 per day.  Ms. Nienhaus worked at Traffic from May 23, 2011, until September 4, 2011 (Nienhaus Chart), a period of fifteen weeks.  I recommend awarding her interest from July 14, 2011, until the date judgment is entered.

### 5.  Ms. Soukas

I have recommended awarding Ms. SOukas actual damages in the amount of $4,234.65.  Interest at 9% per year on that amount comes to $381.12 per year or $1.04 per day.  Ms. Soukas worked at Traffic from November 28, 2011, until March 18, 2012, a period of sixteen weeks.  I recommend awarding her interest from January 23, 2012, until the date judgment is entered.

### D.  Attorneys' Fees and Costs

The FLSA and the NYLL provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff in a wage-and-hour action.  29 U.S.C. § 216(b); NYLL § 198.  District courts have broad discretion when awarding a fee but must clearly

and concisely explain the reasons supporting an award.  <u>Tackie</u>, 2014 WL 4626229, at *6.  "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively."  <u>Id.</u>  "The plaintiff must produce 'contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.'"  <u>Id.</u> (quoting <u>Scott v. City of New York</u>, 626 F.3d 130, 133-34 (2d Cir. 2010)).

The plaintiffs seek attorneys' fees for two timekeepers: Melissa Chan, an associate who was admitted to the New York bar in 2010 and has practiced labor and employment law since that time, charges $275 per hour; Joshua Parkhurst, a partner who was admitted to the New York bar in 1997 and has practiced labor and employment law for eighteen years, charges $425 per hour. (Chan Decl., ¶¶ 21-22, 24-25, 27).  Those rates are reasonable.  <u>See</u> <u>Gonzalez v. Scalinatella, Inc.</u>, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) (approving $450 per hour for partner and $350 per hour for senior associate).

Plaintiffs' counsel has provided contemporaneous time records reflecting the hours each timekeeper spent on this case. (Chan Decl., ¶¶ 11-12 & Exh. A).  They have deducted time that was (1) not related to the active prosecution of the case, (2) spent investigating defendants who are no longer parties to the action, (3) attributable to two sanctions awards in favor of the plaintiffs, (4) incurred during internal conferences, and (5)

charged by attorneys other than Ms. Chan and Mr. Parkhurst. (Chan Decl., ¶¶ 13-15). All told, the plaintiffs seek to recover for 226.25 hours of Ms. Chan's time and twenty-three hours of Mr. Parkhurst's time. (Chan Decl., ¶ 29). Although this case has ended in default judgments, it has had a complex procedural history, including an opposed motion for default and cross-motion to dismiss, vacatur of the default judgment, motions to compel discovery responses and for sanctions, and attempts at settlement. In light of this significant record, the hours spent on this case are not unreasonable. I therefore recommend an attorneys' fees award of $71,993.75.

As to costs, the plaintiffs seek recovery of $1,288.22 for postage, transportation, and fees for filing the complaint and for service of process. (Chan Decl., ¶¶ 30-32 & Exh. B). Each of these items is a compensable cost. Siegel v. Bloomberg L.P., No. 13 Civ. 1351, 2016 WL 1211849, at *15 (S.D.N.Y. March 22, 2016); Reiseck v. Universal Communications of Miami, Inc., No. 06 Civ. 777, 2014 WL 5374684, at *8 (S.D.N.Y. Sept. 5, 2014).

Conclusion

For the foregoing reasons, I recommend that judgment be entered against the defendants Traffic Bar and Restaurant, Inc., Christopher Foley, and Paul Valenti, jointly and severally, as follows:

> 1. Ms. Granados should be awarded $5,767.96 in actual damages, which will accrue interest at a rate of $1.36 per day from September 14, 2011, until the date judgment is entered; $5,561.33 in liquidated damages under the NYLL; and $261.00 in liquidated damages under the FLSA.

2.   Ms. Griggs should be awarded $1,566.00 in actual damages, which will accrue interest at a rate of $0.39 per day from February 16, 2012, until the date judgment is entered; and $1,566.00 in liquidated damages under the NYLL.

3.   Ms. Main should be awarded actual damages in the amount of $2,469.50, which will accrue interest at a rate of $0.61 per day from November 28, 2011, until the date judgment is entered; and $2,469.50 in liquidated damages under the NYLL.

4.   Ms. Nienhaus should be awarded actual damages in the amount of $3,245.74, which will accrue interest at a rate of $0.80 per day from July 14, 2011, until the date judgment is entered; and $3,245.74 in liquidated damages under the NYLL.

5.   Ms. Soukas should be awarded $4,234.65 in actual damages, which will accrue interest at a rate of $1.04 per day from January 23, 2012, until the date judgment is entered; and $4,234.65 in liquidated damages under the NYLL.

In addition, I recommend an award of attorneys' fees and costs in the amount of $73,281.97.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Thomas P. Griesa, Room 1630, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           December 21, 2016

Copies transmitted this date:

Joshua S.C. Parkhurst, Esq.
Melissa S. Chan, Esq.
Cary Kane LLP
1350 Broadway, Suite 1400
New York, NY 10018

Traffic Bar & Restaurant
105 Shelley Dr.
Bethpage, NY 11714

Christopher Foley
105 Shelley Dr.
Bethpage, NY 11714

Paul Valenti
8510 239th St.
Bellerose, NY 11426